OPINION. Offer, Judge-. Whether these petitioners may avail themselves of the provision permitting compensation for services rendered over a period exceeding five years to be taxed as though its receipt had been spread over prior years presents an apparently novel question of the correct interpretation of Internal Revenue Code, section 107 (as added by Revenue Act of 1939, section 220), reading as follows: SEO. 10 7. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE TEARS OR MORE. In tbe case of compensation (a) received, for personal services rendered by an individual in bis individual capacity, or as a member of a partnership, and covering a period of five calendar years or more from tbe beginning to the completion of such services, (b) paid (or not less than 95 per centum of which is paid) only on completion of such services, and (c) required to be included in gross income of such individual for any taxable year beginning after December 31, 1938, the tax attributable to such compensation shall not be greater than the aggregate of the taxes attributable to such compensation had it been received in equal portions in each of the years included in such period. There is no question that the payment petitioners received in the tax year in controversy was for personal services covering a period of more than five years nor that it was required to be included in their gross income for a year beginning after December 31, 1938. The single dispute is the proper interpretation of subsection (b) or, more specifically, the precise scope of the requirement that the compensation in question be “paid * * * only on completion of such services.” Petitioners insist that all that is actually called for is the elapse of a five-year period, whether or not the services have then been completed; respondent, on the other hand, regards as the sole conclusive test a determination of whether the original “undertaking” had been completed upon receipt of the compensation. It seems to us that neither of these proposed interpretations correctly reflects the purpose of the statute nor gives effect to its specific language. The statute requires that payment be made only upon the completion of “such services.” Reference to the preceding portion of the provision demonstrates that “such services” signifies the services for which the compensation in question is paid, provided that these are rendered over a period extending not less than five years prior to payment. The evident concern in inserting the qualifying language was to eliminate advance payments, in excess of 5 percent, for services to be rendered in the future. If this had been doubtful from the context of the provision itself, it would have been demonstrated by the subsequent amendment in which the requirement of “completion” was eliminated. Revenue Act of 1942, sec. 139 (a), amending Internal Revenue Code. sec. 107, and particularly Report No. 1631, Senate Finance Committee, 77th Cong., 2d sess.[1] We consequently view the present question as limited to the narrow issue whether the services for which petitioners received the compensation in dispute can be regarded as having been “completed” by the time payment was received. While it is true that nominally the bank’s “Liquidating Committee,” of which petitioners were members, continued to exist thereafter and a portion of the bank’s assets in the form of insurance policies had not yet been converted into cash, the services for which the Committee was paid had been brought to a conclusion. They had accomplished the conversion of the assets into such liquid form as cash or immediately collectible cash obligations and had apparently discharged all debts. They had completed aii arrangement whereby the stockholders who preferred immediate withdrawal could receive their ultimate distribution in the form of a purchase of their stock for cash by the remaining shareholders. Upwards of a third of those concerned availed themselves of that procedure. From that time on the group for whom the liquidating committee was acting as agents was differently constituted. Even though the original undertaking was not completed, the part that was paid for had been. Something remained to be done, but it was anticipated that it would be so insignificant and inconsequential that petitioners did not expect to receive any compensation for it and in fact had been called upon for no activity of a liquidating nature during the three years between the payment and the date of the hearing. On such a record we think that all of the services for which the compensation was received had been completed at the time payment was made. Since this was the only compensation for these services, and since they represented the labor of a period in excess of the five-year requirement of the statute, we are satisfied that petitioners have brought themselves within its relief provisions. Because of conceded errors in petitioners’ computations, Decision will be entered under Rule 50, “* * * Thus, for example, if an individual commences personal services on July 1, 1941, and completes them on July 1, 1944, and is paid $8,000 for such services on April 1, 1943, he is entitled to the benefits of section 107 (a), provided the $S,000 is at least 80 percent of the total compensation paid or to be paid for such services; * * *” [P. 108.]